

FILED

JAN 0 4 2007

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Nikalous G. Gebhart                                Ch 7 |
| Case No.: | 2:03-bk-15303-RTB |
| Subject of Ruling: | Expedited Hearing on Trustee's Objection to Debtor's Motion for Abandonment of Debtor's Homestead or in the Alternative, Determination of Rights, and Hearing on Debtor's Objection to Trustee's Application to Employ Real Estate Broker |
| Date Taken Under Advisement: | November 27, 2006 |
| Date Ruled Upon: | January 4, 2007 |

Before the court is the debtors' motion for abandonment of their homestead residence and the chapter 7 trustee's motion to appoint real estate broker to sell that residence. Both parties' object to the others' motion.

In 2003, the debtors filed their chapter 7 bankruptcy case. The debtors claimed their residence as exempt, no objections were made to that claim, and, therefore, they are entitled to that exemption. In the fall of 2006, each party filed their above referenced motion at essentially the same time.

The primary issue presented is the debtors challenge to the trustee's claimed right to sell their exempt homestead, pay them their statutory exemption, and take the excess proceeds as property of the bankruptcy estate. Contrary to the debtors' assertions, In re Reed, 940 F.2d 1317 (9th Cir. 1991) is controlling here and its statements are not dicta. Reed held that the chapter 7 trustee was entitled to the proceeds from the sale of the debtors' exempt homestead in excess of the exempt amount. In Reed, the court reached its conclusion by finding that the debtors were only entitled to the exemption and that any appreciation in the value of the residence belongs to the bankruptcy estate [ "...appreciation enures to the bankruptcy estate, not the debtor."] 940 F.2d at 1323]. See also: In re Hyman, 967 F.2d 1316 (9th Cir. 1992). This court is bound by these decisions. Notwithstanding the debtors arguments, this court considers those cases correctly decided.

The debtors complain bitterly about, in their view, the undue delay here and the prejudice to them by that delay. However and as noted in Hyman at 1321 [footnote 11] their remedy is to seek abandonment, as they did by their present motion. Further and assuming, solely to consider their assertion, the debtors' claim that the trustee has improperly delayed the administration of their case, the answer is not to abandon the residence but to replace the trustee.

This court is not totally unsympathetic to some of the debtors' complaints but there is a fundamental duty on the trustee and this court. Namely to allow the creditors to receive the proceeds of any assets that are property of the bankruptcy estate. It is undisputed here that the debtors are entitled to their homestead exemption. But where there is greater value, as there apparently is here, that excess belongs to the bankruptcy estate for the benefit of the creditors. That reality is true both under bankruptcy law and Arizona law.

Therefore, the motion to abandon is denied, without prejudice, and the motion to appoint a real estate broker is granted. Counsel for the trustee shall serve and lodge an appropriate order.

Copy mailed/emailed 1-4-07 to:

David M. Reaves
David M. Reaves, P.C.
1440 E. Missouri Ave. C-170
Phoenix, AZ  85014

Harold E. Campbell
Harold E. Campbell, P.C.
1811 S. Alma School Rd. Suite 225
Mesa, AZ  85210

Maureen Gaughan
P.O. Box 6729
Chandler, AZ  85246-6729

By: _____ for
    Judicial Assistant